IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUN -7  AM 10: 06

CLERK _L. Flanders_
SO. DIST. OF GA.

| | | |
|---|---|---|
| SEVERO SANCHEZ DELATORRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-157 |
| | ) | |
| LOGAN MARSHALL, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, a federal pretrial detainee[1] who is currently incarcerated at the McDuffie

County Jail in Thomson, Georgia, brought the instant case pursuant to 42 U.S.C. § 1983.

Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect

potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).  Pleadings

drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-

21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

frivolous or malicious or that fails to state a claim upon which relief may be granted.  28

U.S.C. § 1915A.

### I.    DISCUSSION

Plaintiff complains that Defendants have been deliberately indifferent to his medical

needs.  (Doc. no. 1, p. 5; see also doc. no. 7.)  Unfortunately for Plaintiff, regardless of

whether he has otherwise stated a viable claim, it is clear that the instant complaint must be

---

[1]See United States v. Delatorre, CR 105-047 (S.D. Ga. Jan. 18, 2006).

dismissed because Plaintiff failed to exhaust available administrative remedies prior to filing suit. Plaintiff candidly admits that administrative remedies were available, but that he did not exhaust them. (See doc. no. 1, pp. 3-4.)

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, 42 U.S.C. § 1997e(c)(1) provides that the Court shall dismiss any action brought under 42 U.S.C. § 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), § 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the exhaustion requirement. Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison

circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Of particular note in this case, § 1997e(a) applies to pretrial detainees. See, e.g., Hall v. Richardson, No. 05-11016, 44 Fed. Appx. 835, 836 (11th Cir. Aug. 15, 2005) (*per curiam*); Peoples v. Gilman, 109 Fed. Appx. 381, 383, 2004 WL 2110719, at *1 (10th Cir. 2004); see also 42 U.S.C. § 1997e(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

In sum, Plaintiff has not completed the requisite steps necessary to bring his lawsuit in federal court, and his claims are not properly before this Court. 42 U.S.C. § 1997e(a) requires that a prisoner exhaust administrative remedies *before* filing a lawsuit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*) (exhausting administrative remedies is "precondition to filing an action in federal court"); Miller v. Tanner, 196 F.3d 1190, 1192-93 (11th Cir. 1999) (same). Consequently, the instant suit must be dismissed.

## II.   CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice for Plaintiff's failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this *7th* day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE